IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| DARWIN LEROY LONG,<br><br>    Plaintiff,<br><br>    v.<br><br>PAUL M. HALLIDAY, JR., as Successor Trustee of the Deed of Trust; and WELLS FARGO BANK, N.A., Trustee for Option One Mortgage Loan Trust 2007-6, Asset-Backed Certificates, Series 2007-6, as Successor Lender on the Promissory Note and Beneficiary on the Deed of Trust,<br><br>    Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br><br>Case No. 2:17-cv-1025-DB<br><br>Judge Dee Benson |

Before the Court is Plaintiff's Motion for Temporary Restraining Order and/or Motion for Preliminary Injunction [Dkt. 19]. Having reviewed the Plaintiff's written argument, the relevant facts and the law, Court finds that a hearing on this matter would be neither helpful nor necessary. The Court hereby enters the following Order.

On September 13, 2017, this case was removed to this Court from state court. [Dkt. 2]. On September 21, 2017, the Plaintiff, acting *pro se*, filed a motion for temporary restraining order which this Court denied. [Dkt.9, 10]. On September 22, 2017, Mr. David D. Bennett filed

1

a notice of appearance as attorney for the Plaintiff. [Dkt. 11]. The Plaintiff then filed a motion to remand this action to state court. [Dkt. 12]. Defendants filed a motion to dismiss Plaintiff's Amended Complaint. [Dkt. 15]. Neither of those motions is currently ripe for decision by the Court. On December 10, 2017, the Plaintiff filed another motion for temporary restraining order or preliminary injunction and requested an expedited hearing on that motion. [Dkt. 19, 20].

By its motion, the Plaintiff seeks to stop the sale of his property now scheduled to be foreclosed upon on October 16, 2017 at 9:45 a.m. The Plaintiff argues that the statute of limitation has expired on the Defendants' right to foreclose.

Issuance of a preliminary injunction is "an extraordinary remedy, the right to relief must be clear and unequivocal." *Valley Community Preservation Comm'n v. Mineta*, 373 F.3d 1078, 1083-84 (10th Cir. 2004). A party seeking a preliminary injunction has the burden of showing: (1) he has a "substantial likelihood of success on the merits of the case;" (2) he will suffer irreparable injury if the preliminary injunction is denied; (3) any threatened injury outweighs the harm to the other party under the preliminary injunction; and (4) the injunction is "not adverse to the public interest." *Kikumura v. Hurley*, 242 F.3d 950, 955 (10th Cir. 2001).

Having considered the relevant facts, law and arguments of the parties, the Court finds that Plaintiff has not shown a substantial likelihood of success on the merits. The Court therefore declines to exercise the extraordinary relief of issuing a preliminary injunction. Plaintiff's motion [Dkt. 19] is hereby DENIED. Accordingly, the Plaintiff's Motion for Hearing [Dkt. 20] is hereby DENIED.

IT IS SO ORDERED

This 12th day of October, 2017.

_____
Dee V. Benson
United States District Judge