IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| DARWIN LEROY LONG,<br><br>    Plaintiff,<br><br>v.<br><br>PAUL M. HALLIDAY, JR., as Successor Trustee of the Deed of Trust; and WELLS FARGO BANK, N.A., Trustee for Option One Mortgage Loan Trust 2007-6, Asset-Backed Certificates, Series 2007-6, as Successor Lender on the Promissory Note and Beneficiary on the Deed of Trust,<br><br>    Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br><br>Case No. 2:17-cv-1025-DB<br><br>Judge Dee Benson |

    Before the Court are three motions: Plaintiff Darwin Leroy Long (Long)'s Motion to Remand; Defendant Wells Fargo Bank's (Wells Fargo)'s Motion to Dismiss; and Defendant Paul Halliday, Jr. (Halliday)'s Motion to Dismiss. The motions have been fully briefed. Oral argument was held on February 21, 2018 at which Long was represented by David Bennett, Halliday was represented by Aaron Lancaster, and Wells Fargo was represented by Spencer Macdonald. Having considered the written and oral arguments of the parties and the relevant facts and the law, the Court enters the following Memorandum Decision and Order.

1

**BACKGROUND**

Long and his wife obtained title to the real property located at 7808 South Dolphin Circle, Cottonwood Heights, Utah 84121-5604 by warranty deed recorded on April 23, 2007, entry no. 10074950. Exh A. Dkt. 15. On April 17, 2007, the Longs executed a deed of trust to secure repayment of a promissory note with a principal amount of $270,000. Exh. B. Dkt. 15. The trust deed was recorded on April 23, 2007, entry no. 10074951. Id. The trust deed names the Longs as borrowers, First American Title of Utah as trustee, and Option One Mortgage Corp. as beneficiary. Id.

The beneficiary interest under the trust deed was conveyed to Wells Fargo by assignments recorded on June 22, 2010, entry no. 10975626, and October 28, 2013, entry no. 11749529. Exh. C Dkt. 15. On April 1, 2010, Wells Fargo executed a substitution of trustee appointing eTitle Insurance Agency (eTitle) as successor trustee under the Deed of Trust. That document was recorded on April 30, 2010, entry no. 10944796. Exh. D Dkt. 15.

On March 22, 2010, eTitle executed a notice of default pertaining to the trust deed and recorded it on March 22, 2010, entry no. 10919509. Exh. E. Dkt. 15. On May 1, 2012, eTitle executed and recorded a cancellation of the notice of default, entry no. 11381518. Exh. F. Dkt. 15. On May 1, 2012, eTitle executed and recorded a second notice of default pertaining to the trust deed, entry no. 11381519. Exh. G. Dkt. 15.

On October 22, 2010, the Longs filed a chapter 13 bankruptcy petition, Case No. 2:10-bk-34680, which was administratively dismissed on October 25, 2010. Exh. H. Dkt. 15. The automatic stay associated with this bankruptcy was in effect for a total of three days. On

December 27, 2012, the Longs filed a chapter 7 bankruptcy petition, case no. 2:12-bk-35937, which was dismissed on February 19, 2013 for failure to comply with 11 U.S.C. §521(a)(1). Exh. I. Dkt. 15. The automatic stay associated with this bankruptcy was in effect for 54 days.

On August 15, 2013, Long filed another chapter 13 bankruptcy petition, case no. 2:13-bk-29337. Exh. J. Dkt. 15. In connection with that petition, Long filed a summary of schedules that identify the subject property as having a secured claim against it of $343,799.06. Exh. K. Dkt. 15. On October 23, 2013, that bankruptcy was dismissed. Exh. L Dkt. 15. The automatic stay associated with that bankruptcy was in effect for 69 days. On January 7, 2014, the bankruptcy court entered an order vacating its dismissal of Long's chapter 13 action, case no. 2:13-bk-29337. Exh. M. Dkt. 15. On January 20, 2014, Long filed a set of amended schedules, specifically identifying Ocwen Loan Servicing, LLC as a creditor for a secured claim against the subject property in the amount of $343,799.06. Exh. M, N Dkt. 15. The claim is not listed as contingent, unliquidated, or disputed. Id. The next day, on January 21, 2014, Long filed a complaint in the adversary proceeding in which he states that a mortgage was taken out with the lender Option One Mortgage Company, and that he and his wife executed the above-referenced Deed of Trust. Exh. O Dkt. 15. On February 2, 2104, Long filed another set of amended schedules, which again identify the subject property as having a secured claim against it of $343,799.06. Exh. P Dkt. 15. On February 27, 2014, the bankruptcy court dismissed this bankruptcy. Exh. Q Dkt. 15. The second iteration of the automatic stay in this matter was in effect for a total of 51 days.

On August 17, 2015, Long's wife filed a chapter 13 bankruptcy petition, Case No. 2:15-

bk-27655 which was later dismissed on September 22, 2014. The bankruptcy stay associated with this action was in place for 36 days.

Just over one month later, on September 29, 2015, Long's wife filed another chapter 13 bankruptcy petition, case no. 2:15-bk-29124. Exh R. Dkt. 15. On November 16, 2015, the court in that case entered an order terminating the automatic stay. The bankruptcy stay associated with that action was in place for 48 days.

On June 22, 2017, Long filed another chapter 13 bankruptcy petition, case no. 2:17-bk-15452, which was administratively dismissed on August 8, 2017. Exh. S. Dkt. 15. The bankruptcy stay associated with that action was in place for 47 days.

On December 9, 2016, Wells Fargo executed an appointment or substitution of trustee appointing Halliday as successor trustee under the trust deed. This document was recorded on February 23, 2017, entry no. 12483014. Exh. T. Dkt. 15. On February 23, 2017, Halliday executed a "Notice of Default and Election to Sell" pertaining to the Deed of Trust. This document was recorded on February 23, 2017, entry no. 12483010. Exh. U Dkt. 15.

In addition to the foregoing bankruptcy actions, Long also previously filed a lawsuit against eTitle in relation to the Deed of Trust. That case was filed in Third District Court in Salt Lake County on October 15, 2012, case no. 120907055, and was dismissed on March 18, 2013. Exh. V. Dkt. 15. The Amended Complaint filed in that action refers to the loan taken by Long in relation to the Deed of Trust. Exh. V. Dkt. 15.

Long also filed a second state court action, case no. 140407618, on June 5, 2014 which was removed to the United States District court as case no. 2:14-cv-463-DN and dismissed on

March 19, 2015. Exh.W, X Dkt. 15. Long filed an appeal with the Tenth Circuit Court of Appeals, case no. 15-4131, which upheld the district court's dismissal of the case. Exh. Y Dkt. 15.

The present action now before this Court was originally brought by Long in state court seeking declaratory judgment that defendants' attempt to foreclose on the subject property is barred by the statute of limitations. The case was removed to this Court. Long then filed a motion to remand arguing this Court lacks subject-matter jurisdiction because there is not complete diversity among the parties. Wells Fargo and Long filed motions to dismiss for failure to state a claim upon which relief may be granted, under Federal Rule of Civil Procedure 12(b)(6).

## DISCUSSION

### A. LONG'S MOTION TO REMAND

United States district courts have original jurisdiction over all civil actions where the matter in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. §1332(a). Because Long and Halliday are both citizens of the State of Utah, there is not complete diversity among the parties and for that reason Long asserts that this Court lacks jurisdiction and this action should be remanded to state court.

The United States Supreme Court held that "the 'citizens' upon whose diversity a plaintiff grounds jurisdiction must be real and substantial parties to the controversy." *Navarro Savings Assoc v. Lee*, 446 U.S. 458, 460 (1980)(citation omitted). For this reason, "a federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of

real parties to the controversy." *Id*.

Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity. *Roe v. General Life Ins., Col, & Phillips Petroleum Co.*, 712 F.2d 450, 452 (10th Cir. 1983). It provides that "joinder of a resident defendant against whom no cause of action is pled, or against whom there is in fact no cause of action, will not defeat removal." *Id*. "The joinder of a nondiverse party is 'fraudulent' when it serves no purpose other than 'to frustrate federal jurisdiction.'" *Dodd v. Fawcett Publns, Inc.*, 329 F.2d 82, 85 (10th Cir. 1964). "The citizenship of fraudulently joined defendants 'should be ignored for the purposes of assessing complete diversity.'" *Dutcher v. Matheson*, 733 F.3d 980, 987-88 (10th Cir. 2013). "Thus, 'fraudulent joinder' is 'an exception to the requirement of complete diversity.'" *Id*. "The doctrine 'effectively permits a district court to disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." *Id*.

"[T]he removing party 'bears a heavy burden of proving fraudulent joinder, and all factual and legal issues must be resolved in favor of the plaintiff." *Dutcher*, 733 F.3d at 988. "The party defending removal may carry this 'heavy burden' by demonstrating 'either: (1) actual fraud in the pleading of jurisdictional fact; or (2) the inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *Id*. "Because a fraudulent joinder analysis is ultimately 'a jurisdictional inquiry,' the court may "pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available." *Id*. at 85.

The Amended Complaint does not allege any breach by Halliday of his statutory duties as

6

trustee. In Utah, claims against a foreclosure trustee are governed by Utah Code §57-1-22.1(a) which provides that a party in a legal action that involves a trust deed is not required to join the trustee as a party in the action unless the legal action pertains to a breach of the trustee's obligations under this chapter or under the trust deed." Subsection 2 of the statute imposes an obligation on the trustee to "act pursuant to court order against the trust deed beneficiary to the extent the order requires an action that the trustee is authorized to take under this chapter or under the trust deed." Subsection 3 provides that "[i]f a party in a legal action that involves a trust deed joins the trustee in an action that does not pertain to the trustee's obligations under this chapter or under the trust deed, the court shall dismiss the action against the trustee and award the trustee reasonable attorney fees arising from the trustee being joined in the legal action." Utah law does not impose on a foreclosure trustee any duty to investigate the statute of limitations or to refuse to follow instructions from a beneficiary if a statute of limitations question is interposed by the borrower. Long's amended complaint does not assert nor does it pertain to the trustee's obligations under Utah statute or the trust deed. Accordingly, Halliday is not a required party, nor should he be a party in this action. Section 57-1-22.1(a)(3) states that in this circumstances, the Court "shall dismiss the action against the trustee . . . ." The Court finds, by a preponderance of the evidence, fraudulent joinder of Halliday as a defendant in this action. Long's motion to remand is therefore denied.

## B. MOTIONS TO DISMISS

Wells Fargo and Halliday have each filed motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Long argues that the motions to dismiss include impermissible attempts to argue the merits of the case which should not be considered by the Court. "Facts subject to judicial notice may be considered without converting a motion to dismiss into a motion for summary judgment." *Gallup Med Flight, LLC v. Builders Trust of New Mexico*, 240 F.Supp.3d 1161, 1199 (D. New Mexico 2017). "The Court is permitted to take judicial notice of its own files and records as well as facts which are a matter of public record." *Id*. The Court finds that it may consider matters of public record, including documents recorded against the subject property, and those filed in various bankruptcy petitions by Long.

### 1. WELLS FARGO'S MOTION TO DISMISS

Wells Fargo argues that this action should be dismissed on the following bases: (1) pursuant to Utah Code §57-1-34, Long filed a notice of default within the period prescribed by law for the commencement of an action on an obligation secured by a trust deed; (2) Long made multiple written acknowledgments of the debt within six years of the recordation of the second notice of default; (3) Long's debt arose as of October 1, 2009, less than six years prior to the recordation of the second notice of default; and (4) the statute of limitations does not bar foreclosure. The Court agrees.

#### A. The Statute of Limitations Has Not Run

Long argues that the statute of limitations pertaining to nonjudicial foreclosures has

lapsed. Complaint at ¶32.[1]  The applicable statute of limitations is Utah Code §70A-3-118(1), which provides that "an action to enforce the obligation of a party to pay a note payable at a definite time must be commenced within six years after the due date or dates stated in the note or, if a due date is accelerated, within six years after the accelerated due date." The "due date or dates" are set forth in the Deed of Trust, which requires monthly payments, the last of which will be due on May 1, 2037.  Exh. B Dkt. 15.  Using that date, the statue of limitations set forth in §70A-2-118(a) would expire on May 1, 2043.

In this case, there have been three notices of default recorded against the property: on March 22, 2010; on May 1, 2012; and on February 23, 2017.  The March 22, 2010 notice of default was canceled on May 1, 2012, which therefore decelerated the loan and tolled the statute of limitations.  The second notice of default was recorded on May 1, 2012, and has not been cancelled or rescinded.  The third notice of default was recorded on February 23, 2017 and has also not been cancelled or rescinded.  Based on these facts, the Court finds that the statue of limitations set forth in §70A-3-118(1) will expire on May 1, 2018, which is six years from the May 1, 2012 notice of default. Therefore, the defendants' efforts to foreclose on the subject property are not barred by the statute of limitations.

B. Additionally, Long Has Tolled the Statue of Limitations

As set forth above, the applicable statute of limitations is determined by §70A-3-118(1)

---

[1] Long cites to potential applicable statutes, Utah Code Ann. § 78B-2-304 and § 70A-3-118.  The first has no bearing on this action, as it is within a portion of the statute that pertains to "other than real property," and which pertains to actions against "a marshal, sheriff, constable, or other officer for liability incurred during the performance of the officer's official duties or by the omission of an official duty, including the nonpayment of money collected upon an execution."

9

and would have started to run on May 1, 2012, which is the date on which the second notice of default was recorded and accelerated the loan. However, subsequent to May 1, 2012, Long repeatedly tolled the statute of limitations by filing repeated bankruptcy petitions, including case no. 2:12-bk-35937, which added 54 days to the limitation period; case no. 2:13-bk-29337, which added 121 days; case no. 2:15-bk-27655 which added 36 days; case no. 2:15-bk-29124 which added 48 days; and case no. 2:17-bk-25452 which added 47 days. Taken together, these delays comprise 306 days to be added to the statute of limitations. Consequently, the May 1, 2018 expiration date set forth above is tolled until March 3, 2019 which is 306 days after May 1, 2018. Therefore, on this additional basis, the statute of limitations does not bar defendants from foreclosing on the subject property.

  C. <u>Additionally, Long Restarted the Statute of Limitations by Acknowledging the Debt</u>

  In addition to the foregoing, the amended complaint also fails to state a claim upon which relief can be granted because Long repeatedly restarted the statute of limitations. Utah Code §78B-2-113 provides that "[a]n action for recovery of a debt may be brought within the applicable statute of limitations from the date . . . a written acknowledgment of the debt or a promise to pay is made by the debtor." Long acknowledged the debt several times, including:

  * On October 15, 2012, Long filed a complaint in Third Judicial District Court, case no. 120907055, in which he states: "On April 17, 2007, Darwin and Jackie Long bought their home for $270,000 by borrowing that sum from a lender."

  * On August 15, 2013, Long filed a summary of schedules in case no. 2:13-bk-29337 which identifies the subject property as having a secured claim against it of

$343,799.06.

* On January 20, 2014, Long filed a set of amended schedules in case no. 2:13-bk-29337 in which he specifically identifies Ocwen Loan Servicing, LLC as a creditor for a secured claim against the subject property in the amount of $343,799.06.

* On January 21, 2014, Long filed a complaint in case no. 2:13-bk-29337, in which he specifically stated that a mortgage was taken out with lender Option One Mortgage Company and that he and his wife executed the above-referenced Deed of Trust.

* On February 2, 2014, Long filed another set of amended schedules in case no. 2:13-bk-29337, which again identify the subject property having a secured claim against it of $343,799.06.

* On June 5, 2014, Long filed a complaint in the Third Judicial District Court, case no. 140407618, which was later removed to U.S. District Court as case no. 2:14-cv-463-DN, in which he stated that the subject property "is subject to a Deed of Trust . . . with an Adjustable Rate Note . . .recorded with the Salt Lake County Recorder in April 2007."

Pursuant to Utah Code §78B-2-113, each of these acknowledgments restarted the limitations period. Accordingly, the Court finds on this alternate basis, the defendants nonjudicial foreclosure of the subject property is not barred by the statute of limitations.

### D. The Statute of Limitations Does Not Bar Foreclosure

In addition to the foregoing arguments, dismissal of this action is appropriate under Rule 12(b)(6) because the statute of limitations, even if lapsed, would not preclude foreclosure. "Utah law provides for foreclosure on a security interest more than six years after default." *Koyle v. Sand Canyon Corp.*, case no. 2:15-cv-239 (D. Utah March 8, 2016)(citing *DiMeo v. Nupetco Assoc., LLC*, 309 P.2d 251, 254 (Utah App. 2013)). In *DiMeo*, the court held that even if the statute of limitations to enforce a note had expired, the lender is still entitled to foreclose on the deed. "The running of the statute of limitations only prevents the lender from imposing liability on [obligors] personally for amounts still due after the security is sold and the proceeds applied to the debt." *Koyle*, case no. 2:15-cv-239 (quoting *DiMeo*, 309 P.2d at 254). "Assuming the six year statute of limitations period expired, [the lender] is still entitled to foreclose on the deed of trust even if it cannot collect on the note. Utah law provides for foreclosure on a security interest more than six years after default." *Id.*

The Court finds, that even if the statute of limitations had run in this case, under Utah law, it would only prevent defendants from imposing personal liability, not foreclosure.

### 2. HALLIDAY'S MOTION TO DISMISS

For the reasons outlined above regarding Long's motion to remand, the Court finds that Long has failed to assert any actionable claim against Halliday in this action. Pursuant to Utah Code §57-1-22.1(a)(3), Halliday's motion to dismiss is granted.

## CONCLUSION

For the foregoing reasons, the Court enters the following Order:

* Long's Motion to Remand is hereby DENIED.

*Wells Fargo's Motion to Dismiss is hereby GRANTED.

* Halliday's Motion to Dismiss is hereby GRANTED.


IT IS SO ORDERED.


DATED this 23rd day of February, 2018.

_____
Dee Benson
United States District Judge